UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>JOHN DOE subscriber assigned IP address 162.199.244.97.<br><br>Defendant. | No. 2:18-cv-01663-MCE-CKD<br><br><br><br>ORDER |

On August 16, 2018, the court granted plaintiff's ex parte application to serve a third-party subpoena on defendant's internet service provider, subject to certain limitations and conditions. (ECF No. 8.) After learning defendant's true identity, plaintiff was to serve that person or entity a copy of the court's order. (Id. at 5.) Within 45 days, plaintiff was to notify the court that service had been so completed, and whether defendant agreed to attend an informal chambers conference before Magistrate Judge Gregory G. Hollows. (Id.)

On September 28, 2018, plaintiff notified the court that it expected to receive a response to its third-party subpoena on or about October 22, 2018, after which plaintiff would "immediately serve the individual identified by the ISP with a copy of the Court's August 16, 2018 Order and, if Defendant agree[d], schedule a conference with the Court." (ECF No. 8 at 1–2.) Plaintiff failed to indicate that defendant was so served, or to request an extension of time.

1

On November 9, 2018, the court issued an order to show cause in writing why the court should not impose sanctions, pursuant to Eastern District Local Rule 110 based upon plaintiff's failure to follow the court's previous order. (ECF No. 10.)

On November 21, 2018, plaintiff responded that "Plaintiff incorrectly read the Court's August 17, 2018 order as only requiring the filing of a status report and not a deadline by which to serve Defendant with the Court's order. Accordingly, believing that the status report was sufficient, Plaintiff failed to calendar or file a motion for extension of time to serve. Plaintiff sincerely apologizes to the Court for its error and any inconvenience it caused." (ECF No. 11 at 3.)

Additionally, plaintiff indicated that is still does not possess defendant's identity. "Plaintiff received AT&T's subpoena response. However, it did not include the subscriber's identity, but rather the name of a secondary ISP with which AT&T partners – Sonic.net, Inc. At this time, Plaintiff is attempting to work with both AT&T and Sonic on production of the Defendant's identity." (Id.)

The court has determined that sanctions are not appropriate at this time. However, plaintiff is cautioned to carefully calendar deadlines and follow all future court orders. Accordingly, IT IS HEREBY ORDERED that:

1. The court's order to show cause (ECF No. 10) is DISCHARGED.
2. After learning defendant's identity, plaintiff shall serve on defendant a copy of this order along with Judge Hollows' August 16, 2018 order. (ECF No. 7.)
3. The court adopts the reasoning in Judge Hollows' August 16, 2018 order. **However, because Judge Hollows is no longer assigned to this case, this order supersedes and controls, as outlined below.**
4. The parties—both plaintiff and the potential defendant—are hereby invited to attend an informal conference before the undersigned for the following purposes:
    a. To set a schedule that will allow the defendant an opportunity to file a motion to quash the subpoena, if there are true and adequate grounds therefor; and

        b.        To establish procedures for service of process or waiver thereof.

    5.        Depending on the parties' preference, this informal conference may take place via telephone or in person at the Eastern District of California, Federal District Court, 501 I Street, Sacramento, CA 95814, 8th floor.

    6.        The parties are advised that attendance at such a conference is voluntary and will not itself constitute a waiver of service of the complaint, or result in a finding of "appearance" in the litigation, unless the potential defendant agrees to waive service, or the case is resolved and a settlement is placed on the record.

    7.        **<u>Not later than 30 days from the date of this order</u>**, plaintiff shall file a status report indicating:

        a.        Whether service of this order has been effectuated as directed;

        b.        Whether defendant has agreed to attend an informal conference; and

        c.        If applicable, whether the parties seek a telephonic or in person conference.

        d.        The status report shall continue to identify the defendant by John or Jane Doe at the subject IP address.

    8.        After receipt of the status report, the court will schedule an informal conference, if necessary.

    9.        A decision by the person identified as the owner of the subject IP address not to attend an informal conference will lead to an order substituting the identified defendant by name, permitting ordinary service of process, and commencement of the litigation.

    10.        <u>Plaintiff is cautioned that, until permission is given by the court, it is not to reveal the identity of the defendant in or out of court</u>.

    11.        Nothing in this order precludes plaintiff and defendant from reaching a settlement without court participation before any informal conference is held or formal service of process is effectuated.

Dated: December 5, 2018

_CAROLYN K. DELANEY_
UNITED STATES MAGISTRATE JUDGE